letter of the law without an intelligent recognition of its spirit.

VII. The failure of the jury to make an affirmative finding on the other counts of the indictment, is not reversible error. Where the jury find a verdict of guilty on one count, and are silent as to the rest, the law treats it as an acquittal as to such other counts. *State v. McCue*, 39 Mo. 113; 2 Bishop Crim. Pro., par. 837.

I have examined the instructions with some care, although the motion for new trial pointed out no specific objections to them, to satisfy my own mind that the accused has had a fair trial under the law of the land. While some of the instructions are very inartistically drawn, and standing alone might possibly have been liable to misconstruction, yet taken as a whole they conveyed clearly and unequivocally to the mind of an ordinarily intelligent jury the real issues under the indictment, and the law applicable thereto, and it is not manifest that they were probably misled by any one of the number given.

Finding no material error in the record, and being satisfied the defendant had a fair and impartial trial according to law, the judgment of the circuit court is affirmed. All concur.

78   609
101a ¹106

GODDARD, *Appellant*, v. THE MERCHANTS' EXCHANGE OF ST. LOUIS.

1. **Corporation By-Laws.** That the by-law of a corporation establishes a rule different from the common law rule does not make it invalid.

2. ————. A by-law of a board of trade which provides that "on all sales of grain in bulk on elevator receipts, the buyer shall pay the first ten days' storage, unless otherwise specified, at the time of sale," is not invalid, and may be enforced.*

*These syllabi are taken from 9 Mo. App. 290.

Marshall v. The St. Louis, Kansas City & Northern Railway Company.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

   *Patrick & Frank* for appellant.

   *Overall & Judson* for respondent.

   PER CURIAM.—For the reasons given in the opinion of the court of appeals, the judgment is affirmed. The rule in question is not in conflict with the constitution of this State, or with the constitution of the United States.

MARSHALL v. THE ST. LOUIS, KANSAS CITY & NORTHERN RAILWAY COMPANY, *Appellant.*

1. **Action by Passenger for being Carried Beyond Station:** EXCESSIVE VERDICT. In an action against a railroad company for carrying a female passenger beyond her station, the circumstances were such that the plaintiff was only entitled to recover for the loss of time and expense incurred in being taken past her station and back, and the jury were so instructed. The evidence showed that she lost two or three hours' time and paid $1.50 for a returning conveyance. There was a verdict for $1,000, reduced by remittitur to $750, and judgment accordingly. *Held*, excessive, and judgment reversed.

2. ———: EXPRESS TRAIN NOT STOPPING AT WAY-STATION. A passenger buying a ticket to D. station on defendant's road, was told by the ticket agent to take a particular train. She did accordingly. The train proved to be an express, not allowed by the regulations of the company to stop at D., but she did not know this until informed of it by the conductor after the train had started. She told him of the direction the agent had given her, and insisted on being let off at D. He took up her ticket, but refused to stop at D., and took her to the next stopping place beyond. In an action against the company; *Held*, that the plaintiff ought to have counted on the negligent misdirection of the ticket agent, not on the refusal of the conductor to stop, for he could not have done otherwise.